

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable W. A. Davis
State Registrar
Texas State Board of Health
Austin 2, Texas

Dear Sir:

Opinion No. O-6384
Re: Name of illegitimate child
born in stillbirth.

We have your letter as follows:

"The question frequently arises as to the sur-
name of an illegitimate, as is shown in a quotation
from Mr. Bernhagen, Registrar of births and deaths
in Beaumont, Texas:

"'A child was born here in Beaumont, the
birth happening to be a stillbirth. The
mother of the child was a widow, her husband
having died more than a year ago. The In-
firmary, at which the birth occurred, list-
ed the birth as illegitimate but they were
undecided as to what name to give the infant
-- whether the child's surname should be the
mother's maiden surname or her widowed hus-
band's name.'

"It is not my intention to argue the case, but
the birth record calls, in item 2, for the full
name of the child; item 8, for the full name of the
father; and in item 14, the full maiden name of the
mother.

"In the case mentioned by Mr. Bernhagen, since
the records show that the father is dead, the child
is illegitimate and the certificate will be so writ-
ten. The widow carries the name of her former hus-
band. According to a previous opinion issued by

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable W. A. Davis, page 2

your department, the child takes the surname of its mother, but in such cases as this, to place the father's surname as the surname of the child would violate Paragraph 25, Rule 44a, Article 4477, V.T.S. in that the surname of the child, in this case, would be at least some information by which the father might be identified.

"Please advise me what the surname should be in such cases as that described above."

Rule 39a of Article 4477, Revised Civil Statutes, provides in part as follows:

"That a stillborn child shall be registered as a birth and also as a death, and separate certificates of both the birth and the death shall be filed with the local registrar, in the usual form and manner, the certificate of birth to contain in place of the name of the child, the word 'stillbirth'; provided, that a certificate of birth and a certificate of death shall not be required for a child that has not advanced to the fifth month of uterogestation. . . ."

We think this plain language of the statute disposes of your question, and that it is unnecessary to give the child any name at all.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Elbert Hooper
Assistant

EH: db

APPROVED
OPINION
COMMITTEE

BY